UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-100-FDW

ALFUTIR KAREEM I-DEEN MAYWEATHER,[1]  )
                                       )
          Plaintiff,                   )
                                       )
vs.                                    )      **ORDER**
                                       )
W. DAVID GUICE, et al.,                )
                                       )
          Defendants.                  )
_____)

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, (Doc. No. 11). He is proceeding *in forma pauperis*. See (Doc. No. 5).

**I.     BACKGROUND**

*Pro se* incarcerated Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 with regards to incidents that allegedly occurred at Hyde C.I. and Marion C.I. The Complaint passed initial review on claims of retaliation against Defendant Auer and for due process violations against Defendants Banks, Swink, and Locklear. See (Doc. No. 7). Plaintiff has now filed an Amended Complaint which is before the Court on initial review.

Plaintiff names as Defendants in the Amended Complaint: Department of Public Safety ("DPS") Commissioner W. David Guice; DPS Commissioner George T. Solomon; Hyde C.I. Captain Auer; Hyde C.I. Disciplinary Hearing Officer Locklear; Hyde C.I. Correctional Officer John Doe; Marion C.I. Lieutenant Banks; and Marion C.I. Correctional Planner G. Swink.

Construing the Amended Complaint liberally and accepting the allegations as true, Plaintiff

---

[1] According to the North Carolina Department of Public Safety's website, Plaintiff's name is Alfutir K. Mayweather.

1

asked North Carolina Prisoner Legal Services ("NCPLS") requesting caselaw but they declined, saying there was not funding to provide case law to inmates. Defendants Solomon and Guice have failed to correct NCPLS's practices. Plaintiff wrote a grievance on August 8, 2016, about the materials that North Carolina Prisons are supposed to provide inmates. Officer John Doe submitted a step-one response and Sergeant Auer also responded to the grievance. They failed to provide Plaintiff with case law and other materials that were needed to properly present and argue his habeas corpus petition in his criminal case. Guice and Solomon enforce a policy of only providing inmates with carbon paper. Inmates are not given access to case law or case reports to properly present their claims.

When Plaintiff filed the grievance, he was preparing a habeas petition raising Fourth Amendment allegations in his criminal case. His appeal of the denial of his motion to suppress in the criminal case was denied in 2013 on the grounds that a five-minute delay to search his vehicle with a canine was *de minimis* and did not violate the Fourth Amendment. This is contrary to United States Supreme Court case law that a dog sniff of a vehicle that prolongs a vehicle stop that is not supported by reasonable suspicion violates the constitution's prohibition of unreasonable seizures. Whether or not there was reasonable suspicion was never addressed at Plaintiff's trial or on appeal. After PLS refused to assist Plaintiff with his habeas petition, he had no way to adequately respond to the State's motion for summary judgment. As a result of the lack of access to legal materials, Plaintiff's habeas corpus petition was denied. Plaintiff filed a petition for writ of certiorari that was dismissed because Plaintiff could not properly argue or present his constitutional claims to the court.

Officer Auer charged Plaintiff with instigating an assault, which Plaintiff did not commit, just to get Plaintiff away from Hyde C.I. due to the grievances he filed about violations of access

to the courts. Disciplinary Hearing Officer Locklear refused to allow Plaintiff to present evidence that he had nothing to do with the assault. Plaintiff was found guilty of the infractions that he did not commit.

Plaintiff claims that, as a result of the infractions, he lost his phone privileges for six months, during which time two family members died, was placed on lockdown for 12 months, was demoted from medium custody to close custody status, lost days off of his sentence, and was enrolled in the Challenge Program as part of which property was confiscated to from him. Defendants Corpening and Jenkins are "over the challenge program" and enforce the policy of taking inmates' property. (Doc. No. 11 at 12). Defendants Swink and Bank confiscated Plaintiff's property (books and movie scripts that Plaintiff wrote) even though it was not over the three shipping bag limit. Swink and Bank followed the prison policy created or enforced by Corpening and Jenkins. Defendant Guice directed officers to take inmates' property when they enter the challenge program. Defendants Corpening and Jenkins are "over the challenge program" and enforce the policy of taking inmates' property. (Doc. No. 11 at 12). Defendants Swink and Bank confiscated Plaintiff's property (books and movie scripts that Plaintiff wrote) even though it was not over the three shipping bag limit. They followed the prison policy created or enforced by Corpening and Jenkins. Defendant Guice directed officers to take inmates' property when they enter the challenge program.

Plaintiff seeks injunctive relief, compensatory and punitive damages, and any other relief the Court deems appropriate.

**II.     STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief.

4

Id.

### III. DISCUSSION

**(1)** <u>**Parties**</u>

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see <u>Myles v. United States</u>, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, <u>Haines</u>, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," <u>Pliler v. Ford</u>, 542 U.S. 225 (2004). The Rules require a short and plain statement of the claims. Fed. R. Civ. P. 8(a)(2). Conclusory allegations, unsupported by specific allegations of material fact are not sufficient. <u>Simpson v. Welch</u>, 900 F.2d 33, 35 (4th Cir. 1990). A pleader must allege facts, directly or indirectly, that support each element of the claim. <u>Dickson v. Microsoft Corp.</u>, 309 F.3d 193, 201-02 (4th Cir. 2002).

The body of the Complaint refers to NCPLS, H. Corpening, and J. Jenkins, but they are not named as defendants in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against NCPLS, Corpening, and Jenkins nullities. <u>See</u>, e.g., <u>Londeree v. Crutchfield Corp.</u>, 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The Complaint is insufficient to proceed with regards to these Defendants and will be dismissed as to them.

Moreover, even if NCPLS was named as a defendant, the claims against it would not be able to proceed NCPLS is operated and overseen by Legal Services of North Carolina, Inc. ("Legal Services"). See <u>Smith v. Bounds</u>, 657 F.Supp. 1327, 1328 n. 1 (E.D.N.C. 1986), *aff'd*, 813 F.2d 1299 (4th Cir. 1987). A private entity such as NCPLS is not a state actor and is therefore not

5

amenable to suit under section 1983 except in certain narrow circumstances, none of which apply here. See Bryant v. N.C. Prisoner Legal Servs., Inc., 1 F.3d 1232, 1232 (4th Cir. 1993) ("NCPLS and its attorneys are not state actors amenable to suit under 42 U.S.C. § 1983."); see, e.g., Murray v. Pollard, 2014 WL 49963 at *3 (W.D.N.C. Jan. 7, 2014), aff'd, 576 Fed. Appx. 209 (4th Cir. 2014).

For all the foregoing reasons, the claims against NCDPS, Corpening, and Jenkins are dismissed.

 **(2)** **Access to Courts**

Inmates have a constitutional right to a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts" which a state may not abridge or impair. Bounds v. Smith, 430 U.S. 817, 821 (1977); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). An inmate who claims his access to the courts was denied merely because he was denied access to the prison library, or certain books, fails to state a claim. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). The inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [non-frivolous] legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). In other words, a plaintiff must demonstrate an actual injury by showing, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir.1996); Lewis, 518 U.S. at 356 (actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented"). The inmate must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996).

Plaintiff alleges that he had a meritorious Fourth Amendment habeas corpus claim that he lost because John Doe and Sergeant Auer refused to provide him with the relevant case law pursuant to a policy enacted and enforced by Guice and Solomon. This claim is not plainly frivolous and will be permitted to proceed.

Plaintiff's access to courts claim will therefore be permitted to proceed against Defendants **Auer, Guice**, and **Solomon.** Plaintiff may attempt service on Defendant John Doe if and when he is able to provide adequate identifying information for that individual. If Plaintiff is unable to do so, the claim against Defendant John Doe will be dismissed.

**(3)** **Retaliation**

Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth, 584 F.2d at 1347. To succeed on such a claim, a plaintiff must first allege that "the retaliatory act was taken in response to the exercise of a constitutionally protected right...." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Thereafter, a plaintiff must demonstrate that he suffered some adverse impact or actual injury. See Am. Civ. Libs. Union of Md., Inc. v. Wicomico Cnty., 999 F.2d 780, 785 (4th Cir. 1993) (citing Huang v. Bd. of Governors of Univ. of North Carolina, 902 F.2d 1134, 1140 (4th Cir. 1990)). In addition, a plaintiff must come forward with specific evidence "establish[ing] that but for the retaliatory motive the complained of incident[s] ... would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); accord Ponchik v. Bogan, 929 F.2d 419, 420 (8th Cir. 1991) (plaintiff must show that action would not have occurred "but for" the alleged reprisal); Collinson v. Gott, 895 F.2d 994, 1002 (4th Cir. 1990) (Phillips, J., concurring); McDonald v. Hall, 610 F.2d 16, 18–19 (1st Cir.1979). In the prison context, such claims are treated with skepticism because "[e]very act of discipline by prison officials is by

7

definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Adams, 40 F.3d at 74.

Plaintiff alleges that Defendant Auer charged Plaintiff with the infraction in retaliation for his complaints about being denied access to the courts. The retaliation claim against Defendant **Auer** is sufficient to pass initial review.

**(4)** **Conditions of Confinement**

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The Constitution "does not mandate comfortable prisons, … but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Thus, prison official must provide sentenced prisoners with adequate food, clothing, shelter, and medical care, and "take reasonable measures to guarantee the[ir] safety…." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see Farmer, 511 U.S. at 832-34.

To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission ... result[s] in the denial of the minimal civilized measure of life's necessities." Id. at 298 (citing Rhodes, 452 U.S.

at 347).

Plaintiff claims that he is experiencing the following conditions of confinement: confiscation of books and screenplays he wrote, lost phone privileges for six months, and "lockdown" for 12 months.

These conditions are not sufficiently serious and are too vague to demonstrate an extreme deprivation of the minimum civilized measure of life's necessities as contemplated by the Eighth Amendment. See generally Mitchell v. Rice, 954 F.2d 187, 191 (4th Cir. 1992) (by adopting a totality of the circumstances test, the court has never held that the denial of out-of-cell exercise opportunities is *per se* unconstitutional); Sweet v. South Carolina Dep't of Corr., 529 F.2d 854, 866 (4th Cir. 1975) (restriction of two exercise periods of one hour per week may not ordinarily transgress constitutional standards if confined to a relatively short period of time but that result may be different where the restriction has extended over a period of years and is likely to extend indefinitely). Therefore, Plaintiff's claims of cruel and unusual conditions of confinement are insufficient to proceed and will be dismissed.

**(4)** **Due Process**

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV.

**(a) Property**

Where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the State provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986)). However, post-deprivation remedies do not satisfy the due

process requirement where the deprivation complained of is effected pursuant to an established state procedure rather than a random, unauthorized action. Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982).

Under North Carolina law, an action for conversion will lie against a public official who wrongfully deprives an owner of his property by an unauthorized act. Gallimore v. Sink, 27 N.C.App. 65, 67, 218 S.E.2d 181, 182 (1975). North Carolina's post-deprivation remedies are adequate. N.C. Gen. Stat. § 143-291; see Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) (due process satisfied where North Carolina tort law provides an adequate avenue for relief for state prisoner).

It appears that Plaintiff is alleging that Defendants Banks and Swink confiscated his property pursuant to challenge program that was enacted and enforced by Guice, rather than as the result of a random, unauthorized act. Therefore, Plaintiff has stated a plausible due process claim for the deprivation of his personal property and this claim will be permitted to proceed against Defendants **Banks, Swink,** and **Guice**.

### (b) Grievances

"[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams, 40 F.3d at 75.

Plaintiff alleges that his grievances were rejected. Because Plaintiff has no federal constitutional right to engage in the prison grievance procedure, any alleged violation of that procedure cannot constitute a due process violation. Therefore, Plaintiff's due process claim with regards to his prison grievances will be dismissed.

### (c) Disciplinary Proceedings

Prison disciplinary proceedings are not part of a criminal prosecution and the full array of

rights due a defendant in such proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits or solitary confinement, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. See Wolff, 418 U.S. at 564-71. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. See Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton, 373 F.3d 501, 505-06 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. See Baxter, 425 U.S. at 323 n.5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent, Mass. Correctional Institute v. Hill, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. See Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence or when wholly arbitrary and capricious. See Hill, 472 U.S. at 456; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy.

Plaintiff alleges that Defendant Locklear refused to allow him to present evidence at his disciplinary hearing. These allegations state a plausible due process claim against Defendant

Locklear and this claim will be permitted to proceed. Therefore, Plaintiff's due process claim with regards to the disciplinary hearing will be permitted to proceed against Defendant **Locklear**.

**(d) Challenge Program**

A change in the conditions of a prisoner's confinement that does not exceed the scope of the original sentence only gives rise to a federally protected liberty interest if it imposes atypical and significant hardship in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472 (1995).

It appears that Plaintiff contends that he was enrolled in the challenge program, was switched from medium to close custody, and was transferred from Hyde to Marion C.I. However, he has failed to adequately allege that he had a protect liberty interest in remaining outside of the challenge program, being classified as a medium custody inmate, or staying at a particular institution. See Sandin v. Conner, 515 U.S. 472 (1995) (plaintiff does not have a federally protected liberty interest in any particular housing or classification unless it exceeds the scope of his original sentence and imposes an atypical and significant hardship in relation to the ordinary incidents of prison life); Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991) (*en banc*) ("[C]hanges in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation) and the denial of privileges … are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage prisons safely and efficiently.").

Therefore, Plaintiff's due process claims relating to the challenge program, his classification, and his housing, are insufficient to state a claim and will be dismissed.

**IV. CONCLUSION**

The Amended Complaint passes initial review on the access to courts claims against

Defendants **Auer, Guice**, and **Solomon**; the retaliation claim against Defendant **Auer**; and the due process claims against Defendants **Banks, Guice, Locklear**, and **Swink.** The remaining claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS, THEREFORE, ORDERED** that:

1. The access to courts claims against Defendants **Auer, Guice**, and **Solomon**; the retaliation claim against Defendant **Auer**; and the due process claims against Defendants **Banks, Guice, Locklear**, and **Swink** survive initial review under 28 U.S.C. § 1915.

2. The remaining claims are dismissed as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

3. **IT IS FURTHER ORDERED THAT** Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for **Defendants Auer, Banks, Guice, Locklear, Solomon,** and **Swink,** who are current or former employees of NC DPS.

Signed: September 28, 2018

Frank D. Whitney
Chief United States District Judge