UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-100-FDW

| ALFUTIR KAREEM I-DEEN MAYWEATHER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| W. DAVID GUICE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Defendants' Second Motion for Extension of Time to File Dispositive Motions, (Doc. No. 36), and on Plaintiff's Request for Counsel Injunctive Relief, (Doc. No. 30), Plaintiff's Letter that was docketed as a Motion, (Doc. No. 33), Plaintiff's Second Request for Counsel or Injunctive Relief, (Doc. No. 34), and Plaintiff's Motion to Compel Discovery, (Doc. No. 35).

The Court entered an Order on February 1, 2019, setting the discovery cutoff deadline of May 31, 2019, and making dispositive motions due July 1, 2019. (Doc. No. 29). On June 26, 2019, the deadline to file dispositive motions was extended on Defendants' motion until August 5, 2019. (Doc. Nos. 31, 32).

On April 10, 2019, Plaintiff filed a Request for Counsel Injunctive Relief, (Doc. No. 30), asking the Court to appoint counsel to represent him because he has no access to legal materials. On July 10, 2019, Plaintiff filed a Letter, (Doc. No. 33), that was docketed as a Motion which alleging that the state has failed to produce discovery and asking the Court to order the state to produce discovery and again asking for the appointment of counsel. On July 11, 2019, Plaintiff filed a Motion to Compel Discovery, (Doc. No. 35), arguing that interrogatories and requests for

1

production that he submitted on April 26, 2019, have not been answered. On July 12, Plaintiff filed a Second Request for Counsel or Injunctive Relief, (Doc. No. 34), again asking the Court to appoint counsel or grant injunctive relief so that Plaintiff can research and investigate issues related to prisoners' access to the courts. He claims that he does not have adequate access to legal materials, that this case is very complicated, and that counsel is needed for litigation and to remedy the injuries caused by the violation of rights to access the courts.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)). A preliminary injunction is a remedy that is "granted only sparingly and in limited circumstances." MicroStrategy, Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (quoting Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1991)). To obtain a preliminary injunction, a movant must demonstrate: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. DiBiase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (quoting Winter, 555 U.S. at 20). It is well established that "absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities." Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994); see Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982) ("judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.").

As grounds for his Motion for preliminary injunctive relief, Plaintiff alleges that he does not have adequate access to legal resources and asks the Court to order the prison to provide him

computerized access to legal materials. Plaintiff has failed to demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Therefore, Plaintiff's motion for preliminary injunctive relief will be denied.

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff has been able to represent himself adequately thus far in the proceedings and he has failed to demonstrate the existence of extraordinary circumstances. Therefore, Plaintiff's request for the appointment of counsel will be denied.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947). Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. Va. Dep't of Corr. v. Jordan, 921 F.3d 180 (4th Cir. 2019). Plaintiff seeks admissions, the production of documents, and answers to interrogatories from Defendants. Plaintiff's Motions to Compel were filed after the discovery cutoff date. Plaintiff's untimely Motions to Compel will be denied.

On June 26, 2019, Defendants timely filed a Motion for Extension of Time to File Dispositive Motions, (Doc. No. 31), that was granted until August 5, 2019, (Doc. No. 32). Defendants have now filed a Second Motion for Extension of Time to File Dispositive Motions, (Doc. No. 36), until September 6, 2019. Defendants' Motion will be granted for good cause shown.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Second Motion for Extension of Time to File Dispositive Motions, (Doc. No. 36), is **GRANTED** until September 6, 2019.

2. Plaintiff's Request for Counsel and Injunctive Relief, (Doc. No. 30), is **DENIED**.

3. Plaintiff's Letter, (Doc. No. 33), is construed as a Motion to Compel Discovery, Motion to Appoint Counsel, and Motion for Injunctive Relief, and is **DENIED.**

4. Plaintiff's Second Request for Counsel or Injunctive Relief, (Doc. No. 34), is **DENIED**.

5. Plaintiff's Motion to Compel Discovery, (Doc. No. 35), is **DENIED**.

Signed: August 7, 2019

Frank D. Whitney
Chief United States District Judge